**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JUSTIN WASHAM and AARON MUSCALINO					PLAINTIFFS

v.					No. 2:10CV00150 JLH

RALPH EVANS and
WILLBROS GROUP, INC.					DEFENDANTS

## ORDER

The defendants, Ralph Evans and Willbros Group, Inc., have filed a motion to compel the plaintiffs, Justin Washam and Aaron Muscalino, to issue medical and tax authorizations without the condition of providing immediate, complete copies of all obtained records to the plaintiffs. In December 2010, the parties held their Rule 26(f) conference. On or about December 29, 2010, the defendants propounded their First Set of Requests for Production of Documents to the plaintiffs, which included a request that Washam and Muscalino sign medical authorizations as well as form 4506 authorizations, which would allow the defendants to obtain their tax returns. Washam and Muscalino responded with conditionally signed authorizations requiring the immediate production of copies of all documents obtained with the authorization forms. The plaintiffs noted, "If this stipulation cannot be agreed to, then please consider this authorization void, null and rescinded." In March 2011, counsel for both parties exchanged letters in which they attempted to reach a compromise on the production of the records. On June 15, 2011, the defendants filed the pending motion.

Under Federal Rule of Civil Procedure 37(a), a party seeking discovery "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Parties are obligated under Rule 34 to produce any requested documents in their possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). "A party may be ordered to produce a document in the

possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) (*citing Buckley v. Vidal*, 50 F.R.D. 271, 274 (S.D.N.Y. 1970)). Courts have held that a party has control over his medical records because, by either granting or denying consent, he may determine who shall have access to them. *Bertrand v. Yellow Transp., Inc.*, No. 3:08-1123, 2010 WL 2196584, at *1 (M.D. Tenn. May 28, 2010); *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003) (finding that documents are in the party's control if she has the legal right to obtain them on demand).

In their response, the plaintiffs do not contend that the requests for medical records and tax returns—or, in the alternative, requests for authorizations—are beyond the scope of this litigation or that the defendants should not have access to these documents. Nor do they claim that they do not have the ability to access their medical records or tax returns. Rather, they argue that, under Federal Rule of Civil Procedure 26, the defendants must immediately provide to the plaintiffs copies of all such medical records and tax returns that the defendants obtain.

Rule 26(a)(1)(A)(ii) states that, within fourteen days of the parties' Rule 26(f) conference (unless a different time is set by stipulation or court order), a party must provide to the other parties:

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

A party who has made initial disclosures must supplement or correct its responses in a timely manner. Fed. R. Civ. P. 26(e). The purpose of initial disclosures is to promote efficiency in the litigation process. *Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, No. 4:09CV3252, 2011 WL 612060, at *6 (D. Neb. Feb. 10, 2011). "However, the initial disclosures require only that the

disclosing party produce information that it may use to support its claims or defenses." *Id.* (internal citation omitted).  To the extent that information will be used solely for impeachment purposes, it does not have to be disclosed.  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Furthermore, "a duty to disclose is not synonymous with a duty to produce.  While some sections of Rule 26 require information be both disclosed and produced, Rule 26(a)(1)(A)(ii) only requires parties to provide notice regarding documents."  *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009); *see also Lyon v. Bankers Life & Cas. Co.*, No. CIV. 09-5070-JLV, 2011 WL 124629, at *6 (D.S.D. Jan. 14, 2011) ("Rule 26(a)(1)(A)(ii) is clear that a party's obligation . . . is not to necessarily produce the documents of the case.").

The defendants anticipate that the medical records and income tax documents will be used for impeachment purposes only.  Still, they have disclosed the potential use of such documents in their initial disclosures.  As Rule 26(a)(1)(A)(ii) imposes no additional requirement upon the defendants, it does not provide a legal basis for the conditional authorizations the plaintiffs submitted.

The Court has not found any other legal basis for denying the defendants' motion to compel. "Requests for authorizations for the release of . . . records can be properly ordered pursuant to Rule 34 . . . ."  *J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995); *see also Arnold v. ADT Sec. Servs., Inc.*, No. 05-0607-CV-W-GAF, 2009 WL 1086949, at *3 (W.D. Mo. Apr. 22, 2009) (denying plaintiffs' motion for reconsideration of order compelling them to provide authorizations on the basis of Rule 37(a)(5)(A)); *Lischka v. Tidewater Servs, Inc.*, Civ. A. No. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) ("The cases almost universally hold, explicitly or implicitly, that Rule 34, along with Rule 37, empowers federal courts to compel parties to sign written authorizations

consenting to the production of various documents."). *But see Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008) ("[A] request for production of documents pursuant to Rule 34 . . . cannot be utilized as a vehicle by which to compel a party to sign an authorization for the release of medical records.") (citing *Becker v. Securitas Sec. Servs USA, Inc.*, No. CIV.A.06-2226, 2007 WL 677711, at *3 (D. Kan. Mar. 2, 2007) ("Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.")).

It is common practice for a party who obtains records with the authorization of the opposing party to provide copies of those records to opposing counsel within a reasonable period of time. *See, e.g.*, *Kent v. Cummings*, No. CV-09-1616-PHX-JWS, 2010 WL 2643538, at *7-8 (D. Ariz. June 29, 2010) (finding sanctions not appropriate for plaintiff's refusal to sign authorization, but acknowledging that "a professional and courteous lawyer should recommend his client voluntarily sign a limited medical authorization in a spirit of cooperation and to reduce the costs of litigation"); *J.J.C.*, 165 F.R.D. at 517 (noting that the plaintiffs had already signed authorizations for the release of some records under the condition that the plaintiff would receive copies of the records). However, the Court finds nothing in the Federal Rules that *requires* the defendants to provide these records absent a discovery request. *See Singleton v. Hedgepath*, No. 1:08-cv-00095-AWI-GSA-PC, 2011 WL 1806515, at *8 (E.D. Cal. May 10, 2011) ("[T]he Court will not order Defendants to produce documents that are equally accessible to both parties [i.e., documents retained by a third party], and Defendants are not required to provide copies to Plaintiff so that Plaintiff can avoid costs."); *Gary Hann v. Michigan*, No. 05-71347, 2009 WL 2929770, at *1 (E.D. Mich. Sept. 3, 2009) (disagreeing with the magistrate's recommendation and finding that "Defendants do not have to produce Plaintiff's medical records that Defendants' counsel has in its possession. Plaintiff must conduct his

own discovery. [A third party], not Defendants' counsel, is the custodian of Plaintiffs' medical records and, therefore, Plaintiff must obtain his medical records from [the third party]."); *Walker v. McGinnis*, No. 05-CV-418F, 2007 WL 914028, at *2 (W.D.N.Y. Mar. 23, 2007) (denying plaintiff's motion to compel defendants to produce copies of plaintiff's medical records, in large part because plaintiff had not served defendant with discovery demands); *Reed v. Cantwell*, 442 N.Y.S.2d 952, 954 (N.Y. Sup. Ct. 1981) (requiring the plaintiff, under state law, to make the necessary arrangements with his treating physician to obtain a copy of his medical records, and stating that the plaintiff is not entitled to a free copy of the records from the defendant). *But see Griffin v. Beard*, Civil Action No. 1:08-CV-1120, 2009 WL 2393928, at *1 (M.D. Pa. Jul. 31, 2009) (requiring the defendant to provide the plaintiff with one page of the plaintiff's medical records that he requested, but permitting the defendant to charge the price per page rate of $1.33 for the copy); *Bingham v. City of Laurel*, Civil Action No. 2:09cv118-KS-MTP, 2010 WL 1328887, at *2 (S.D. Miss. Mar. 29, 2010) (instructing that if "Defendants obtain any of Plaintiff's medical records, they shall provide a copy to Plaintiff within thirty days of their receipt.").

The defendants' motion to compel is GRANTED. Document #13. The plaintiffs must sign unconditional authorizations for the records or obtain the records themselves and produce them to the defendants.

IT IS SO ORDERED this 29th day of June, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE